DAVID BREWSTER

Plaintiff-Appellee

vs.

JOHN BEE and HARRY BENALLY

Defendant-Appellant

Decided on March 3, 1977

Kenneth Begay, D.N.A., Window Rock, Arizona, for Plaintiff-Appellee

Richard George, Law Office of Yazzie and George, Tuba City, Arizona, for Defendant-Appellant

Before BLUEHOUSE, Acting Chief Justice, LYNCH and YELLOWHAIR, Associate Justices

BLUEHOUSE, Acting Chief Justice

This case comes on appeal from an order of the Shiprock District Court, entered May 1, 1975. That order in effect reaffirmed three previous orders issued by the same court in the same case: the first order being dated June 12, 1969; the second being dated December 8, 1972; and the third dated September 17, 1974.

The appellants claim that the appellee has not exhausted his administrative remedies. From the looks of this case, the appellee has exhausted his administrative remedies, his funds, and the courts in

trying to get simple justice.

There is no need in this case to review the facts in great detail. The case presents a too-frequent example of the delays attendant to land disputes. The appellants brought their dispute before the Resources Committee of the Navajo Tribal Council on January 6, 1969 and that committee remanded the case to the appropriate District Grazing Committee.

The District Grazing Committee took no action on the dispute for sometime so that the issue was brought into the District Court and, after a hearing with all parties present and the underlying issues being examined, an order was entered by the presiding judge, Virgil L. Kirk, Sr., on June 12, 1969, restraining the appellants in this case from entering upon the appellee's grazing area or otherwise interfering with his use of the land.

That order was never appealed by the present appellants; instead, they ignored the order. The appellee was forced to again go to court: in 1972, in 1974, and in 1975. This protracted, vexatious litigation was caused by the obstinacy of the appellants in this case in refusing to obey the original court order of June 12, 1969.

This case should never have come on appeal. It got to this Court only because the District Judges involved in the proceedings below tolerated appellants' counsels' dilatory tactics, indirectly allowing the appellants to extend the thirty days limit on filing appeals.

"Exhaustion of administrative remedies" does not mean and never has meant that the petitioner must wait forever for the proper administrative action. It simply means, for our purposes, that a person must pursue with diligence the normal administrative processes before coming to court. The Navajo Nation is not saddled with the complex and burdensome jurisdictional questions raised by the dichotomy in the federal system between the administrative agencies and the judiciary. While the Navajo Code and Code of Federal Regulations do establish an administrative process for granting permits for the various types of uses of tribal trust lands and do establish certain administrative bodies as the initial adjudicators of most land disputes, the Navajo Code and relevant federal regulations do not purport to commit such disputes to the exclusive jurisdiction of these agencies.

The fact is that the grazing regulations of the Navajo Nation do not speak directly to the relationship between the Navajo Judiciary and Navajo administrative agencies except to reinforce the broad grant of power given the courts in Title 7, Section 133 of the Navajo Code. The fact is that the Grazing Committee did not take any action in this dispute and still has not, as far as the record shows. The District Court waited for committee action for six months before issuing its order of June 12, 1969. In all the years since that order, the committee still has done nothing about this problem.

We will not use this case to comprehensively analyze the relationship between the Grazing Committees and the Navajo Judiciary. Here we need only to rule that waiting six months with no action taken

by the appropriate administrative agency to settle the dispute presented to them is sufficient "exhaustion of administrative remedies." We go further and hold that if the District Grazing Committee and the Resources (Central) Committee fail to act within sixty days on a dispute properly presented to them, such failure shall be deemed conclusive evidence that the plaintiff has exhausted his administrative remedies.

We urge the Grazing Committee and the Resources Committee to remember their enormous responsibilities and to act promptly to settle these land disputes.

Land is our people's life and heritage. Their concerns must be taken seriously and dealt with quickly. We know that our leaders will do the best they can once thay realize the importance of prompt and clear action in these cases.

We hereby affirm the order of May 1, 1975. The District Court of Shiprock is hereby directed to take whatever actions it deems necessary to effectuate the underlying order of June 12, 1969. The Navajo Police Department is directed to assist the District Court in enforcing the order of June 12, 1969, within thirty days of the date of this decree.

LYNCH, Associate Justice, and YELLOWHAIR, Associate Justice, concur.